**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDY GUERRERO, AKA Eduardo Basilio Pedro,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 13-72225<br><br>Agency No. A073-940-022<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Edy Guerrero, a native and citizen of Guatemala, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's denial of his motion to reopen deportation proceedings

conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Guerrero's motion as untimely, where it was filed more than 16 years after his in absentia order of deportation. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (an order of deportation entered in absentia may only be rescinded upon a motion to reopen filed within 180 days of the order if the alien demonstrates exceptional circumstances). Additionally, Guerrero did not show that notice was improper where he was personally served with the Order to Show Cause and the hearing notice, written in English and Spanish, containing the date and time of his hearing. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2) (an order of deportation entered in absentia may be rescinded at any time if the alien demonstrates that he or she did not receive notice); 8 U.S.C. § 1252b(a)(1), (2) (1995) (requiring written notice in person to the alien, or if personal service is not practicable, then service by certified mail, of the Order to Show Cause and the hearing notice). Contrary to Guerrero's contention, the written notice was not required to be read to him in Q'anjobal. *See* 8 U.S.C. § 1252b(a)(3)(A) (1995) (requiring only that the Order to Show Cause and hearing notice be provided in English and Spanish).

Guerrero did not raise, and has therefore waived, any challenge to the agency's determination that his hearing notice clearly stated the time of the hearing. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in opening brief are waived).

To the extent Guerrero contends he is eligible for cancellation of removal, we lack jurisdiction to consider this contention as it was not exhausted before the agency. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings).

Guerrero's alternate request for mediation is denied.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**